# United States District Court
### for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 34]

Name of Offender: <u>Fesnando Santos</u>　　　　Case Number: <u>3:12-00002</u>

Name of Sentencing Judicial Officer: <u>The Honorable John T. Nixon, Senior U. S. District Judge</u>

Date of Original Sentence: <u>June 29, 2012</u>

Original Offense: <u>18 U.S.C. § 2113(a), Bank Robbery</u>

Original Sentence: <u>30 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>March 3, 2014</u>

Assistant U.S. Attorney: <u>Clay Lee</u>　　　　　Defense Attorney: <u>Ronald C. Small</u>

### PETITIONING THE COURT

_____ To issue a Summons.
_____ To issue a Warrant.
__X__ To Consider Additional Alleged Violations/Information

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☑ The Consideration of Additional Alleged Violations/Information
☐ Other

Considered this __26__ day of __June__, 2014,
and made a part of the records in the above case.

_____
John T. Nixon
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place　　　　Nashville, TN

Date　　　　June 25, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. **34**, has been amended as follows:

  **Violation No. 1 - has been amended to include an additional positive drug test**
  **Violation No. 5 - has been added**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.  Nature of Noncompliance

1.    **The defendant shall refrain from any unlawful use of a controlled substance.**

    Mr. Santos has tested positive for cocaine on five occasions

| | | |
|---|---|---|
| March 10, 2014 | March 12, 2014 | March 20, 2014 |
| March 26, 2014 | May 12, 2014 | |

    On May 20, 2014, the probation officer had phone contact with Mr. Santos, and he admitted using illegal drugs the night before.

    **Mr. Santos tested positive for cocaine on May 21, 2014.**

2.    **The defendant shall be on home detention the first 6 months of supervision.**

    On May 10, 2014, Mr. Santos failed to return to his residence as scheduled. On May 11, 2014, he reported to the probation officer that he and his girlfriend had entered into an argument, and she had locked him out of the residence. He called his aunt from Columbia, Tennessee, and was picked up to stay with her for two evenings. On May 12, 2014, the probation officer spoke to Mr. Santos' girlfriend who reported that he left her residence around mid morning on May 10, 2014. She attempted to contact him by phone throughout the day, and he did not answer her calls. She did not allow him back in the residence when he returned later that evening. On May 12, 2014, Mr. Santos returned to reside with his girlfriend.

    On May 19, 2014, Mr. Santos failed to return to his residence as scheduled. The probation officer had phone contact with his girlfriend who reported that he had taken her car and was not answering her calls. He returned to the residence at approximately 2:00 a.m. On May 20, 2014, the probation officer had phone contact with Mr. Santos who admitted he had used illegal drugs while he was out the previous evening.

3.    **The defendant shall not commit another federal, state or local crime.**

    As previously stated, on May 19, 2014, Mr. Santos took his girlfriend's vehicle when he left her residence. His license is currently suspended.

4.    **The defendant shall pay restitution to the victim(s) identified in the pre-sentence report in an amount totaling $3,790 at a minimum monthly rate of 10 percent of the defendant's gross monthly income.**

    Mr. Santos has failed to make any restitution payments since he began supervised release.

5.      <u>**The defendant shall not commit another federal, state or local crime.**</u>

On May 31, 2014, Mr. Santos was arrested by the Metropolitan Nashville Police Department and charged with Domestic Assault (two counts). According to the affidavits, responding officers spoke to Samantha Hasty, Mr. Santos' girlfriend, who informed that she had been arguing with Mr. Santos since 12:30 a.m. During the argument, Mr. Santos grabbed Ms. Hasty around the neck and choked her. Additionally, he pushed her son, who is 14 years old up against the wall and caused his glasses to scratch the left side of his nose.

The probation officer met with Ms. Hasty on June 3, 2014. She was asked about the details of the incidents with Mr. Santos. She informed that they had been arguing throughout the evening. The argument began to get physical, and he grabbed her and threw her down multiple times. Bruising was visible on both arms and her lower back. She related that he grabbed her by the neck as well. She woke up her son in expectation that he would calm down; however, he continued to be physically aggressive and pushed her son against the wall. She informed that she did not want to call the police but when he pushed her son, she knew she had to do something to make him stop. She advised the probation officer that she did not intend to go to the court hearing, hoping that the charges will be dismissed, as she desires him to return to live with her. The charges were dismissed in Davidson County General Sessions Court on June 10, 2014.

<u>Compliance with Supervision Conditions and Prior Interventions</u>:

Mr. Santos began supervised release on March 3, 2014. He is scheduled to terminate supervision on March 2, 2014.

As a result of testing positive for illegal substance use, on April 1, 2014, Mr. Santos was referred for an assessment for substance abuse treatment. An assessment was completed on April 23, 2014. Substance abuse treatment was recommended, and he has participated since that time. Mr. Santos continues to illegally use drugs and disregard the conditions of supervised release.

A petition requesting a warrant was submitted to Your Honor on May 21, 2014, reporting that Mr. Santos tested positive for cocaine on five occasions, violated his home detention, took his girlfriend's vehicle without permission while having a suspended license, and has failed to pay restitution. A warrant was orderd by Your Honor on May 27, 2014.

As previously stated, Mr. Santos was arrested and charged with Domestic Assault (two counts) on May 31, 2014. The charges were dismissed on June 10, 2014. Mr. Santos was ordered to be detained pending the revocation hearing on June 16, 2014, by the Honorable John Bryant, U.S. Magistrate Judge.

<u>Update of Offender Characteristics</u>:

Mr. Santos has been employed with Centurion Stone since he began supervised release. He earns approximately $1,600 gross income per month.

## U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional violations be considered at the revocation hearing. This matter has been discussed with the U.S. Attorney's Office, who concurs with the recommendation.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. FESNANDO SANTOS, CASE NO. 3:12-00002

**GRADE OF VIOLATION:**      **C**
**CRIMINAL HISTORY:**      **III**

**ORIGINAL OFFENSE DATE:**      **POST APRIL 30, 2003**      **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C Felony)** *18 U.S.C. § 3583(e)(3)* | **5-11 months** *U.S.S.G. § 7B1.4(a)* | **No Recommendation** |
| SUPERVISED RELEASE: | **3 years minus any term of imprisonment** *18 U.S.C. § 3583(h)* | **1-3 years** *U.S.S.G. § 5D1.2(a)(2)* | **No Recommendation** |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing imposed as a condition of supervised release, 18 U.S.C. § 3583(g)(3), and (4), testing positive for illegal controlled substances more than 3 times over the course of 1 year. The Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

**Guideline Policy Statements:** Upon a finding a Grade C violation, the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

_____
Joshua Smith
U.S. Probation Officer

Approved:      _____
Vidette Putman
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Fesnando Felipe Santos

2. **Docket Number** *(Year-Sequence-Defendant No.)*    0650 3:12CR00002 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date**  $\underline{\quad 06 \quad}$ / $\underline{\quad 29 \quad}$ / $\underline{\quad 2012 \quad}$
   $\qquad\qquad\qquad\qquad\quad$ *month*$\quad$ *day*$\quad$ *year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant* No.)  _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|:---:|
| positive drug tests | C |
| home detention violations | C |
| criminal offense | C |
| failure to pay restitution | C |
| criminal offense | C |
| | |
| | |
| | |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*   $\boxed{\text{C}}$

9. **Criminal History Category** *(see §7B1.4(a))*   $\boxed{\text{III}}$

10. **Range of Imprisonment** *(see §7B1.4(a))*   $\boxed{\text{5-11} \quad \text{months}}$

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒  (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐  (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐  (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Fesnando Felipe Santos

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) 3,790 _____     Community Confinement _____

Fine($)        _____     Home Detention        _____

Other          _____     Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: 1 _____ to 3 _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____
imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002